GEORGE WING, AS RECEIVER, PLAINTIFF, *v.* MARIA DISSE AND FREDERICK DISSE, DEFENDANTS.

*Receiver in supplementary proceedings — title of, to real estate — power of County Judge to accept resignation of, and appoint a successor.*

A receiver, appointed in supplementary proceedings under section 292 of the Code, is vested with the real estate of the debtor by virtue of his appointment, the filing of the security required, duly approved, and the entry and recording in the proper clerks office of the order of appointment, without any conveyance being made to him by the judgment-debtor.

A county judge has power to accept the resignation of a receiver in supplementary proceedings and to appoint his successor.

MOTION for a new trial, on exceptions ordered to be heard, in the first instance, at the General Term, after a verdict in favor of the plaintiff at the Erie Circuit. The plaintiff to make out his cause of action proved, among others, the following facts, which were not contradicted by any proofs offered by the defendants or either of them, to wit: That Samuel F. Pratt and others, on or about the 15th day of November, 1854, recovered a judgment in the Supreme Court against the defendant, Frederick Disse and one Louis Berg, for the sum of $166.25 damages and $10.00 costs, the judgment-roll being filed and the judgment being docketed on that day in the office of the clerk of the county of Erie, in which county said Frederick Disse then resided and has since resided up to this time. That thereafter an execution was issued on said judgment against the property of said defendants, and of each of them, and delivered to the sheriff of said county of Erie, which execution was by the said sheriff on the 13th day of January,

1855 returned and filed in the office of said clerk of the county of Erie, the same being wholly unsatisfied. That thereafter and on or about the 25th day of September, 1867, the said judgment-creditors commenced proceedings supplementary to said execution against the defendant Frederick Disse, by obtaining an order therefor from his Honor, Stephen Lockwood, county judge of Erie county, in which proceedings the said county judge made and entered an order, by which he appointed John Girard Johnson, Esq., then of Buffalo, receiver of all debts, property, equitable interests and things in action, of said Frederick Disse, said judgment-debtor, and which order also among other thing, required the said receiver to execute a bond. That the said Johnson as receiver executed the bond as required by the order, obtained the approval of said judge thereto, and filed the said order appointing him receiver, and the said bond, in the office of the clerk of the county of Erie, on the first day of November, 1867, on which day the said clerk recorded the said order. That at the time of the commencement of said proceedings supplementary to said execution and at the time of the recording of the order appointing said receiver, as aforesaid, the said Frederick Disse was the owner in fee of the premises described in the complaint. That said judgment-creditors and said receiver had no knowledge that said Disse was the owner of said premises, at the time of the appointment of said Johnson as receiver, or until on or about the first day of January, 1875, at which last date said Johnson was a resident of Chicago, in the State of Illinois. That said county judge, on or about the 24th day of January, 1876, John Girard Johnson having resigned as receiver, made and entered an order appointing George Wing, Esq., of Buffalo, the plaintiff in this action, receiver in said proceedings in the place and instead of said John Girard Johnson, and directing that the said Wing should execute a bond for the faithful discharge of his duties as such receiver, in the sum therein named, and with sufficient sureties, all to be approved by the said judge, and that said order and said bond be filed in the office of the clerk of the county of Erie, and further providing that the said resignation of said Johnson and the appointment of said Wing should take effect simultaneously, and upon the recording of the said order in the

book of orders appointing receivers of judgment-debtors in said clerk's office. That the said George Wing, as receiver, executed the bond as required by the said order, obtained the approval of the said judge thereto, and filed the said order and the said bond in the office of the clerk of the county of Erie on the 24th day of January, 1876, and that the said order was on the day last mentioned recorded in the book of orders appointing receivers of judgment-debtors, by said clerk of Erie county, of all which proceedings hereinbefore stated, said defendant, Frederick Disse, had due notice.

There was no evidence introduced or offered to be introduced on the part of the plaintiff, proving or tending to prove the execution of any conveyance of said premises by said Frederick Disse or any other person or party, to said John Girard Johnson, as receiver, or to George Wing as receiver, as the substitute of said Johnson, save and except by virtue of the orders made by the county judge of Erie county, and recorded in the books of orders appointing receivers of judgment-debtors as hereinbefore stated.

*S. C. Adams*, for the plaintiff. The county judge had power to substitute Wing as receiver in place of Johnson. (High on Receivers, § 96; *Fassett* v. *Tallmadge*, 13 Abb., 12; see sections 298 and 324 of the Code; *Miller* v. *Rossman*, 15 How., 10; *Bitting* v. *Vandenburg*, 17 id., 80; *Smith* v. *Johnson*, 7 id., 39; *Webber* v. *Hobbie*, 13 id., 383; 29 id., 360.) That the court has the authority to substitute one receiver for another, when it has the power to appoint, is well settled in practice. (See Edw. on Rec'r, 547; High on Rec'r, § 821; *Beers* v. *The Chelsea Bk.*, 4 Edw. Ch. R., 278; *Fassett* v. *Tallmadge*, 13 Abb., 12; *Siney* v. *N. Y. Consol. Stage Co.*, 18 id., 435; 28 How., 481; 60 Barb., 423.) Title to the premises passed from Frederick Disse to the receiver, by operation of law, upon the filing of the bond of the receiver, and of the order appointing him, in the office of the clerk of the county of Erie, and the recording of said order by said clerk, in the book of orders appointing receivers of judgment-debtors, and without any conveyance from Disse to the receiver. (Code, § 298; *Hayes* v. *Buckley*, 53 How. Pr., 173; *Porter* v.

*Williams*, 9 N. Y., 148; *Edmonston* v. *McLoud*, 16 id., 544; *Becker* v. *Torrance*, 31 id., 640, 641; *Bostwick* v. *Menck*, 40 id., 386, 389; Baker's Supplement to Redelles' Supplementary Proceedings, 142; High on Rec'r, § 447; 37 Barb., 613; 41 N. Y. Sup'r Ct., 529.) A receiver may bring actions and prosecute the same to judgment, to recover property, or collect a debt from a party who claims an adverse interest to him. (Code, § 299; *Porter* v. *Williams*, 9 N. Y., 147; *Seymour, Receiver*, v. *Wilson*, 14 N. Y., 567; *Edmonston* v. *McLoud*, 16 id., 543; *Rodman* v. *Harry*, 17 id., 484; *Bostwick* v. *Menck*, 40 id., 383; *Winfield* v. *Bacon*, 24 Barb., 155; *Runk* v. *St. John*, 29 id., 585; *Devendorf* v. *Dickinson*, 21 How., 275; *Underwood* v. *Suttcliffe*, 10 Hun, 453; High on Rec'r, § 213.)

*Thomas C. Holmes*, for the defendants. The receiver, John Girard Johnson, was not vested, by virtue of his appointment as receiver, with title to the premises mentioned in the complaint, nor was his successor, George Wing, the plaintiff in this action. (*The Chautauqua Bk.* v. *Risley*, 19 N. Y., 375; *Moak* v. *Coats*, 33 Barb., 498; *Scott* v. *Elmore*, 10 Hun, 68.)

SMITH, J. :

This is an action to recover the possession of certain real estate in the city of Buffalo. The property formerly belonged to the defendant, Frederick Disse, who, as the jury found, was in possession of it at the time of the commencement of the action. The plaintiff claims title by virtue of his appointment as receiver of the property of Frederick Disse in proceedings against Disse supplementary to execution, had before the county judge of Erie county, under section 292 of the Code of Procedure. The proceedings were commenced on September 25, 1867, upon a judgment docketed on November 15, 1854. The first receiver appointed was John Girard Johnson, who, having subsequently removed from the State, resigned his office, and thereupon the county judge of Erie accepted his resignation and appointed the plaintiff in his place. The defendant, Marie Disse, who is the wife of Frederick, claims title under a deed executed by her husband subsequently to the appointment of Johnson as receiver. No conveyance was executed by Disse to the receiver.

It is insisted upon by the counsel for the defendants, that the title to the real estate did not pass to the receiver, by virtue of his appointment, without a conveyance. We think the position is not tenable. But as there is some apparent conflict of authority upon the question, a full expression of our views may not be out of place. Section 298 of the Code of 1849 provided for the appointment by a judge of a receiver of the property of a judgment-debtor in supplementary proceeding, in the same manner and with the like authority as if appointed by the court under section 244. The section last named authorized the court to appoint receivers according to the practice then existing, except as otherwise provided by the Code. Before the Code, a common-law receiver did not take title to the debtor's real estate, by virtue of his appointment, nor under an ordinary assignment, except in cases where the court specially directed the debtor to convey his real estate to the receiver. (*Chautauqua County Bank* v. *White*, 2 Seld., 236.) But the word "property," as used in the Code, was defined in section 464 to include real and personal. In view of the statutory definition of the word, Judge WILLARD, sitting in the Court of Appeals, expressed the opinion that a receiver appointed by a judge in supplementary proceedings obtains title to the debtor's real estate as well as his personal property, by force of the order for his appointment, when the appointment is completed. (*Porter* v. *Williams*, 5 Seld., 142, 1853.) But in *Moak* v. *Coats*, decided by the General Term in the sixth district, in 1860, CAMPBELL, J., speaking for the court, regarded the opinion of WILLARD, J., as *obiter dictum;* and it was decided in that case that a receiver in supplementary proceedings takes the personal estate of the debtor by force of his appointment, but that the real estate vests in him only by virtue of a conveyance to him which the court has power to compel. (33 Barb., 498.) That decision was affirmed by the Court of Appeals in September, 1867, but upon what ground does not appear. (33 How. Pr. R., 618.) The court in the sixth district relied mainly upon the case of *Chautauqua County Bank* v. *Risley* (19 N. Y., 374). But that case did not involve the construction of the provisions of the Code above referred to. The receiver, whose title was in question in

that case, was appointed in an action brought by a judgment-creditor to set aside a conveyance of real estate as fraudulent, and a decree to that effect having been obtained, the creditor, through the receiver, had the real estate sold for the satisfaction of his debt. It was claimed that the purchaser from the receiver acquired a title free from the liens which had attached in favor of junior creditors, as well before as after the filing of the bill. But the court, rejecting that view of the matter, reiterated the doctrine that the receiver took title to the real estate only by force of the debtor's own conveyance, and consequently that his title was subject to the liens that had attached before the conveyance was made. Clearly the case is not an authority upon the question, whether in supplementary proceedings under the Code the receiver takes title to the debtor's real estate by force of his appointment. In *Moak* v. *Coats*, stress was laid upon the consideration that unless a conveyance is required to pass the debtor's title, the provisions of the recording act for the protection of purchasers would not come into operation. Subsequent legislation has removed the force of that argument, by requiring that the order for the appointment of the receiver shall be filed and recorded in the office of the clerk of the county where the judgment roll is filed (Laws 1862, ch. 460, § 15), and also that a certified copy of such order be filed and recorded in the office of the clerk of the county in which any real estate of the debtor sought to be affected by such order is situated, and also in the office of the clerk of the county in which the debtor resides. (Laws 1863, ch. 392, § 1, p. 661.) That these two amendments, just now referred to, contemplated a transfer of the debtor's real estate, as well as his personal property, by force of the order for the appointment of the receiver, when the appointment is completed, is apparent from their language. The amendment of 1862 provides that a certified copy of the order shall be delivered to the receiver, and he shall be vested with the property and effects of the judgment-debtor from the time of the filing and recording of the order. That of 1863 requires the copy of the order to be filed and recorded, as therein provided, before the receiver shall be vested with any real property of the judgment-debtor, very plainly indicating that when done the real property

**196**                    WING *v.* DISSE.

FOURTH DEPARTMENT, OCTOBER TERM, 1878.

shall vest in the receiver. These provisions are so clear to our minds that we would have been content to declare the law as we find it written, but for the fact that since those amendments were adopted the decision in *Moak* v. *Coats* has been followed by the General Term in the second department, in the case of *Scott* v. *Elmore* (10 Hun, 68). But in that case the learned judge who wrote the opinion did not advert to the amendments of 1862 and 1863. He relied mainly upon the cases of *Bank* v. *Risley* and *Moak* v. *Coats*, and he evidently yielded to the cogent argument of Judge COMSTOCK in Risley's case, that a court of equity has not power to cut off the right of redemption of a junior judgment-creditor, whose judgment was docketed before the proceedings in equity were instituted. That doctrine is not questioned. It was acted upon by this court in *Dawley* v. *Brown* (65 Barb., 107). But we are not now dealing with the ordinary powers of a court of equity. The question is, what is the effect of an appointment of a receiver under section 298? The right to redeem land sold under an execution is a purely statutory right, which the Legislature may modify as they see fit.

In the present case the fee of the land was in the judgment debtor, at the time when the supplementary proceedings were commenced, it having been devised to him by a former wife, but that fact was not known to the creditors when they instituted the proceedings. The debtor, on his examination in those proceedings, testified that he owned no real estate. The lien of the judgment and the right to issue execution upon it had expired by lapse of time, before the creditor discovered that the debtor owned the real estate. We are of the opinion that the title to it passed to the receiver by force of his appointment.

The point is taken by the appellant's counsel that the judge had no power to accept the resignation of the first receiver and appoint a successor. We think it enough that he was expressly authorized to appoint a receiver with the like authority as if the appointment were made by the court. The court would have had authority to accept the resignation of a receiver appointed by it and to appoint a successor. It is true a receiver appointed by a judge in supplementary proceedings is subject to the direction and control of the court in which the judgment was obtained,

(Code, § 298 as amended in 1862), but that provision is fully satisfied by holding that the court has the direction and control of the receiver, in respect to his discharge of the trust confided to him, and does not relate to his appointment or to the acceptance of his resignation by which he is relieved of the trust.

An exception was taken to the admission of evidence that Frederick Disse applied for a license to keep a saloon on the premises in suit, and paid the license fee. The evidence was admissible. Taken in connection with the fact that a saloon was kept on the premises, and that his name was on the sign over the door, it tended to show that he, and not his wife, was in possession of the premises.

The motion for a new trial should be denied, and judgment ordered for the plaintiff on the verdict.

TALCOTT, P. J., and HARDIN, J., concurred.

Ordered accordingly.